UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

                             :

JARRON SANTOS,                   :
                             :

                Plaintiff,   :

                             :

            v.                 :

                             :

BONNIE J. HOFFMAN,         :

                             :

              Defendant. :

                             :

----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __November 7, 2016__

12 Civ. 2457 (KPF) (JCF)

**OPINION AND ORDER
ADOPTING REPORT AND
<u>RECOMMENDATION</u>**

KATHERINE POLK FAILLA, District Judge:

    On October 6, 2016, United States Magistrate Judge James C. Francis IV issued a Report and Recommendation (the "Report") recommending that Plaintiff Jarron Santos be awarded $10.00 in nominal damages and $5,000.00 in punitive damages as a consequence of the default judgment this Court entered against Defendant Bonnie J. Hoffman.  Neither party has filed any objections to the Report.  For the reasons set forth below, the Court finds no error in the Report and adopts the Report in its entirety.

## BACKGROUND

    The facts and procedural history of the instant action are set forth in detail in the Report.  (*See* Report 1-5).  In brief, in 2005, Plaintiff was sentenced to eleven years in prison after pleading guilty to robbery and possessing a weapon.  (*Id.* at 1-2).  He spent part of his incarceration at Sing Sing Correctional Facility ("Sing Sing").  (*Id.* at 2).  In May 2007, Plaintiff's grandmother sent Plaintiff a letter enclosing a family photograph.  (*Id.*).

Plaintiff never received the letter; Defendant, a Sing Sing employee tasked with handling prisoners' mail, stole it. (*Id.* at 2-3).

Following an investigation by the New York State Department of Correctional Services ("DOCS") and the United States Postal Inspection Service, Defendant was arrested for possessing stolen mail. (Report 2-3). In February 2011, DOCS mailed Plaintiff (i) a letter informing him of Defendant's arrest and (ii) his grandmother's 2007 letter. (*Id.* at 3).

Plaintiff sued Defendant under 42 U.S.C. § 1983, alleging that she had impermissibly interfered with his First Amendment right to freely exchange mail. (Report 5). He sought $ 10.00 in nominal damages and $ 5,000.00 in punitive damages. (*Id.* at 6). Because Defendant did not respond to Plaintiff's Complaint, this Court entered a default judgment against her and referred this case to Magistrate Judge Francis with instructions to calculate Plaintiff's damages. (*Id.* at 1).

## DISCUSSION

When a district court assesses the report and recommendation of a magistrate judge, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews *de novo* any portions of a magistrate judge's report and recommendation to which a party submits a timely objection. *Id.* "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *King* v. *Greiner,* No. 02 Civ. 5810 (DLC), 2009 WL 2001439,

at *4 (S.D.N.Y. July 8, 2009) (internal quotation marks and citation omitted),
*aff'd*, 453 F. App'x 88 (2d Cir. 2011) (summary order); *see also Brown* v. *Time
Warner Cable, Inc.*, No. 10 Civ. 8469 (AJN) (RLE), 2012 WL 5878751, at *1
(S.D.N.Y. Nov. 21, 2012); *Gomez* v. *Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y.
2009).

A party's failure to object to a report and recommendation, after receiving
clear notice of the consequences of such a failure, operates as a waiver of the
party's right both to object to the report and recommendation and to obtain
appellate review. *See Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992);
*United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have
adopted the rule that failure to object timely to a magistrate judge's report may
operate as a waiver of any further judicial review of the decision, as long as the
parties receive clear notice of the consequences of their failure to object."); *see
also Thomas* v. *Arn*, 474 U.S. 140, 155 (1985) (holding that Courts of Appeals
may adopt rules regarding waivers). This rule applies to both *pro se* and
counseled litigants. *See Caidor* v. *Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.
2008) (concluding that a *pro se* plaintiff waives the right to appellate review by
not timely objecting to a report and recommendation, provided the Magistrate
Judge warned plaintiff and cited the appropriate provisions of the Federal
Rules of Civil Procedure and Title 28 of the United States Code).

Here, Judge Francis explicitly informed the parties that they had
fourteen days after being served with a copy of the Report to file any objections,
and further warned them that failure to file a timely objection would result in a

waiver of the right to do so, and a waiver of the right to object on appeal. (Report 10). Having received clear notice of the consequences of remaining silent, and having filed no objections, the parties have waived their respective rights to object to the Report and to obtain appellate review of the Report.

Despite the waivers, the Court has reviewed the Report, unguided by objections, and finds it to be well-reasoned and grounded in fact and law. There is no error in Judge Francis's careful analysis. For all of these reasons, the Report is adopted in its entirety.

### CONCLUSION

It is ORDERED that Plaintiff is awarded judgment against Defendant for $ 10.00 in nominal damages and $ 5,000.000 in punitive damages.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      November 7, 2016
            New York, New York

_____
    KATHERINE POLK FAILLA
    United States District Judge